JOHN C. WESTERVELT et al. v. L. M. JONES et al.

No. 147.

1. CONFLICT OF LAWS—*prima facie presumed, courts of other
states of general jurisdiction had authority exercised and
proceeded in proper mode.* It will be presumed, in the absence
of evidence to the contrary, in favor of courts of general jurisdic-
tion of sister states, that they have the authority they assume to
exercise, and that the modes of procedure by them, though differ-
ent from that established by the laws of this state, are authorized
by the laws of the state in which they act.

2. GENERAL DEMURRER — *challenges not the right of action, but
only its statement in petition.*  A general demurrer to a petition
only raises the question of the sufficiency of the petition to state
a cause of action ; not the right of the plaintiff to maintain an ac-
tion for such cause of action if one exists.

Error from Wyandotte District Court.   Hon. Henry
L. Alden, Judge.   Opinion filed December 29, 1896.
*Reversed and remanded.*

The plaintiffs in error, as executors, alleged to have
been appointed by the ''Probate Court'' of Erie
County, New York, sued upon a judgment against
the defendants in error, recovered in the Circuit Court
of Franklin County, Illinois, by their testator's as-
signor.   The petition contained proper averments as
to the Illinois court's jurisdiction, and the judgment
record was attached as an exhibit.   The judgment
record thus attached, recited :

''The plaintiff attended by his counsel aforesaid
and the defendants attended by their attorney come
into open court and file the following agreement, to
wit :   .   .   .   'It is agreed by and between the
plaintiff and the defendants L. M. Jones and J. L.
Jones, two of the defendants in the above styled cause,
that said defendants are to cause to be conveyed to
the plaintiff two hundred acres of land situate in a
body in Texas County, Missouri, clear of all incum-
brances or liens ;   and they, the defendants above
named, agree that a certain judgment rendered in
favor of Leonidas Doty, and against the plaintiff in
this suit, for $265, rendered at the October term, 1885,
of the above described court, shall be a lien on the
following described real estate, to wit : the W. $\frac{1}{2}$, S.E. $\frac{1}{4}$,
S.E. $\frac{1}{4}$ of section 5, and the W. $\frac{1}{2}$, S.W. $\frac{1}{4}$ of section 4,
except three acres in the N.E. corner of the N.W. of
the S.W. $\frac{1}{4}$, all in township No. 7 S., R.1 E. situated in
Franklin County, Illinois, and they agree to assume
the payment of the above judgment ; and it is further
agreed that the above suit, so far as it relates to said

J. L. Jones and L. M. Jones, shall be dismissed as to them at their cost.   Dated this November 2, 1885.'

(Signed.)                  ————————

"Whereupon it is ordered, adjudged and decreed that this cause be dismissed upon the conditions stipulated in said agreement."

And then followed the money judgment sued upon in this action.

The defendants demurred generally to the petition; this demurrer was sustained, and this proceeding was brought to reverse that order.   The defendants in error claimed in this court that, as the courts of this State take judicial knowledge of the constitutions of other states so far as concerns the jurisdiction of their courts, and as there are no such tribunals as "Probate Courts" in New York, but Surrogates have probate jurisdiction, the petition showed upon its face that the testator's will had not been probated by any court having jurisdiction of such matters; and that, as the domicile of the testator was not disclosed, the petition did not show that the plaintiffs were domiciliary executors, and, therefore, did not show they were entitled to the Illinois judgment.   They further contended that the judgment showed upon its face that it was rendered after the court had lost jurisdiction of the parties and of the action in consequence of the stipulation and dismissal.

*Anderson, Henderson & Littick*, for plaintiffs in error.

*Samuel Maher*, for defendants in error.

GILKESON, P. J.   The defendants in error contend, that the judgment or decree sued upon shows on its face that it was rendered after the court, by dismissing the case, had, as to them, lost jurisdiction of the parties and of the cause; and that, consequently, the

**1. Jurisdiction prima facie presumed.**

demurrer was properly sustained. We cannot agree with them in this contention. The record shows that, at one time, the court did have jurisdiction of the defendants in error; and being a court of general jurisdiction, it will be presumed, until the contrary is shown, that the jurisdiction once acquired continued. "A want of jurisdiction must affirmatively appear, either by the record, or *dehors* the record, or it will be conclusively presumed." Black, Judgments, § 896.

"It will be presumed, in the absence of evidence to the contrary, in favor of courts of general jurisdiction of sister states, that they have the authority they assume to exercise, and that the modes of procedure pursued by them, though different from that established by the laws of this state, are authorized by the laws of the state in which they act." *Dodge v. Coffin*, 15 Kan. 277; *Ward v. Baker*, 16 id. 31; *Comstock v. Adams*, 23 id. 525.

The stipulation is inartistically drawn, but the evident intention of the parties was that two hundred acres of land in Texas County, Missouri, should be conveyed to Joplin; that the court should secure to him a lien upon the lands in Franklin County, Illinois, for the amount of the judgment Doty had obtained against him; and that L. M. Jones and J. L. Jones should assume the payment of that judgment. These were the consideration for the dismissal. This is clearly the construction placed upon the stipulation by the Circuit Court of Franklin County; and that court acted upon this understanding in doing what it did. It rendered a decree for the conveyance of the Missouri land, and it undertook to make the Joneses legally liable to pay the Doty judgment, by creating a lien upon the land in Franklin County, Illinois, in the way the court evidently believed was the only way

WESTERVELT V. JONES. 39

Dec. 29, 1896. Opinion. Gilkeson, P. J. E. Div.

it could be effectually done — by rendering a judgment for the amount; and, to protect all the parties, the court further provided that this judgment should be satisfied upon the payment of the Doty judgment. If the court committed error in this, it cannot be considered or reviewed by a court in which the judgment is sued upon. Freeman, Judgments (3d ed.), § 330; Black, Judgments, § 889; *Semple v. Wright*, 32 Cal. 659.

But did the court dismiss the case as to the Joneses or as to any one else ? We think not. The judgment is : " That this cause be dismissed upon the conditions stipulated in said agreement." In the judgment, the court enforced the terms and conditions of the entire stipulation, as it understood it, and as it had the power to do by the terms of the stipulation. The whole judgment was a single act, done while all the parties were present and while the court still had jurisdiction.

But suppose we concede that the record shows that the case was dismissed as to the Joneses. It shows that the court did render a judgment as though it still had jurisdiction of their persons, and it will be presumed, in the absence of any showing to the contrary, that the case was reinstated. The court certainly had power to reinstate it, and, " being a court of general jurisdiction, the presumption is in favor of the authority which it assumed to exercise." We think there is no conflict between the exhibit and the averments of the petition.

The other points urged by defendants in error in their brief we do not consider at this time. The only question raised by the pleadings is raised by a general demurrer. As we have stated, this only raises the question of the sufficiency of the allegations of the petition to state a

2. Action of general demurrer.

cause of action, and does not challenge the right of the plaintiff to maintain an action for the cause of action if any exists.

The judgment of the court sustaining the demurrer will be reversed, and the cause remanded for further proceedings.